## CHESTER CLARK *v*. CHELSEA ACADEMY.

[IN CHANCERY.]

*Academy. Corporation Extinct. Land Reverts to Party Donating, not to Party Deeding.*

If land, which was deeded, not as a gift, but for consideration, to aid in establishing an academy, has reverted by non user or other cause, it reverted to those who contributed the land, and not to the party who sold it and received pay therefor, in part, from the subscribers to the academy fund.

BILL IN CHANCERY. Heard on bill, answer, and proofs, Orange County, December Term, POWERS, Chancellor. Bill dismissed.

*L. L. Durant* and *C. W. Clark*, for the orator.

*S. B. Hebard*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. The orator seeks, by his bill, land given to Chelsea academy, a corporation, on the alleged ground that the corporation has become extinct by *non user*. The deed in form was executed, not as a gift, but for a consideration, and as a sale to certain persons named, "in trust for the subscribers, and such as should hereafter become subscribers to the fund, for building and furnishing an academy, * * * to be conveyed to the trustees of said academy when they shall hereafter be appointed." The testimony tends to show, that the land was in part a subscription, and part paid for by the subscribers. Like all ancient transactions, the testimony is vague, and the recollections of men differ. The orator testifies that the land was conveyed as a gift, and without pecuniary consideration. On the other hand, Mr.

Douglass testifies that the orator valued the land at $400, and sold it to the subscribers for $200 in money, and the other half was treated as his subscription for the benefit, and for the site of an academy to be thereafter built; and in strong corroboration of his testimony, he produces a receipt signed by the orator, and in his own hand-writing, and in these words: "Rec'd. of E. Douglass $15.00, it being his and Thomas S. Hubbard's subscription for the academy land. Chelsea, June 11th, 1852."

The orator is regarded as a truthful witness, but like other men, liable to err in the details of an ancient transaction, resting wholly in memory. But we think he cannot, with any propriety, in the face of his deed, and especially his own written statement, draw in question the fact that the land was sold for a consideration, and in part paid for by the subscribers to the fund, for building and furnishing an academy at Chelsea.

If the defendant corporation has become extinct by *non user* or, other cause, and the land has reverted, it has reverted to those who contributed the land for the use of the academy, in the ratio of their several contributions. But the bill has no such scope, or aim. It seeks to recover the land in its *entirety*, ignoring altogether Douglass, Hubbard, and all others, who contributed in part the land to the *original fund*. Whether the corporation has become extinct, and its property reverted to the original donors, we have no occasion in this aspect of the case to further discuss.

The decree of the Court of Chancery, dismissing the bill, is affirmed.